IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

FILED
2019 APR 26 AM 9:58
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| CALVIN DONALD OSTLER, individually and as personal representative of the Estate of Lisa Marie Ostler, KIM OSTLER, and the minor children of Lisa Marie Ostler, C.K., E.L.K., and L.M.O., through their adoptive parents and next friends, CALVIN DONALD OSTLER and KIM OSTLER, <br><br> Plaintiffs, <br><br> v. <br><br> HOLLY PATRICE HARRIS, ZACHARY PAUL FREDERICKSON, TODD ALLAN BOOTH, TODD RANDALL WILCOX, M.D., RONALD PAUL SEEWER, JR., BRENT LEE TUCKER, JAMES M. WINDER, PAM LOFGREEN, RICHARD BELL, JOHN DOE, whose true name is unknown, and SALT LAKE COUNTY, a political subdivision of the State of Utah, <br><br> Defendants. | **MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS** <br><br><br> Case No. 2:18-cv-00254 <br><br><br> Judge: Bruce S. Jenkins |

Lisa Ostler died in the Salt Lake County Metro Jail in early 2016 while awaiting pretrial. On March 22, 2018, her estate, parents, and minor children (Plaintiffs) sued guards, nurses, supervisory officials, and Salt Lake County (Defendants) for allegedly causing her death. Plaintiffs filed an Amended Complaint (ECF No. 59) on January 31, 2019, asserting three causes of action, each with several sub-claims:

1. For survival and wrongful death based on constitutional deprivations, pursuant to 42 U.S.C. § 1983
2. For violations of due process and unnecessary rigor under the Utah Constitution
3. For declaratory judgment that certain Utah bond and undertaking statutes are unconstitutional

1

In response, Defendants filed a Partial Motion to Dismiss (ECF No. 74), seeking to pare the parties and claims to simply Lisa's estate v. the guards, nurses, and County for a § 1983 survival action. Defendants' Motion came before the court for oral argument on April 12, 2019. Ross Anderson appeared for Plaintiffs; Jacque Ramos and Tajha Ferrara appeared for Defendants. After hearing arguments from counsel, the court reserved ruling on the Motion.

Having considered the briefs, oral arguments, and relevant law, the court now determines that Defendants' Motion is GRANTED in part and DENIED in part. The court hereby dismisses the following parties and claims.

## I. Dismissed Defendants

In the Motion, Defendants seek to dismiss Supervisor Defendants Winder, Lofgreen, Bell, and Wilcox. Plaintiffs concede they are not suing these Defendants in their official capacities. They are being sued only in their personal capacities for their alleged personal involvement in Lisa's death.

To assert a personal capacity claim against a government official, a plaintiff must show an "affirmative link" between the official and the constitutional violation. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). An affirmative link arises if there is, *inter alia*, "personal involvement" by the official, either through direct participation or promulgation of a policy. *Id.*; *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013). To show "personal involvement," a plaintiff must (1) identify specific actions or policies and (2) tie those to specific defendants. *Pahls*, 718 F.3d at 1228. Referring to "'defendants' as a collective and undifferentiated whole" is inadequate, *id.*, and tying specifics to each defendant is particularly important where the officials have "different powers and duties." *Id.* at 1226.

Here, Plaintiffs identified specific actions[1] and specific policies or customs,[2] but they do not tie those to specific defendants, instead referring repeatedly to "Defendants Winder, Lofgreen, Bell, and Wilcox" or "Defendants" as a collective, undifferentiated whole. Pls.' Am. Compl. ¶ 55–60, ECF No. 59. Yet Defendants Winder, Lofgreen, Bell, and Wilcox have different duties and powers over policies and personnel. For example, Dr. Wilcox, as Medical Director, does not have the same power over personnel as does Sheriff Winder; conversely, Sheriff Winder does not have the same duty to manage medical care as intimately as does Dr. Wilcox. Grouping these Supervisor Defendants imputes one Defendant's actions to another, which fails to show that each Defendant's "own individual actions" were unconstitutional. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Grouping also does not give each Supervisor Defendant "fair notice as to the basis of the claims against him or her." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) ("In a § 1983 action it is particularly important that a complaint make clear exactly who is alleged to have done what to whom . . . .") (internal marks omitted). Because the Amended Complaint does not tie the alleged actions or policies to each discrete Supervisor Defendant, Plaintiffs fail to show an affirmative link between the officials and a constitutional violation. Accordingly, the claims against the Supervisor Defendants are dismissed without prejudice. *See Brown*, 662 F.3d at 1165–66 (10th Cir. 2011) (disposing of an individual capacity claim where "[t]he Complaint refers to actions of 'Defendants,' but that is not sufficient to show how Secretary Williams might be individually liable for deprivations of Mr. Brown's constitutional rights") (internal marks omitted).

---

[1] The Supervisor Defendants allegedly failed to train or supervise, failed to remedy deficiencies, and developed, adopted, implemented, condoned, and administered problematic policies and customs. *See* ECF No. 59 at ¶ 56–58.
[2] Plaintiffs allege at least twenty-two problematic policies and customs. *See id.* at ¶ 58.

3

## II.   Dismissed Plaintiffs

Defendants seek to dismiss Lisa's parents and children as improper plaintiffs, to the extent they are suing for their own injuries. Plaintiffs counter that Lisa's parents and children have indeed been injured by Lisa's death, and § 1983 should provide them a remedy.

By its express language, § 1983 provides remedies "to the party injured" for violations of that party's constitutional rights. 42 U.S.C. §1983. In the Tenth Circuit, when the injured party is deceased, "[t]he estate of a deceased victim must be the one to bring suit." *Harold v. Univ. of Colorado Hosp.*, 680 Fed. App'x 666, 673 (10th Cir. 2017) (relying on *Berry v. City of Muskogee*, 900 F.2d 1489, 1506–07 (10th Cir. 1990)). This is because the decedent's estate "is the only real party in interest in a § 1983 action." *George v. Beaver Cty. by & through Beaver Cty. Bd. of Commissioners*, 2017 WL 782287, at *2 (D. Utah Feb. 28, 2017).

Here, throughout most of their Amended Complaint, Plaintiffs allege that Lisa was the party injured. Since Lisa is deceased, the only proper party to vindicate violations of her constitutional rights is her estate, not her parents or children. *See Berry*, 900 F.2d at 1506–07 (holding the only remedy under § 1983 is a survival action brought by the estate). Although Lisa's parents and children also allege their own injuries from Lisa's death (*e.g.* loss of consortium and financial support), these injuries are based on violations of Lisa's constitutional right to due process, not theirs. Moreover, the *Berry* court held that such injuries are best addressed by expanding damages. *See id.* (noting damages under § 1983 include the decedent's medical and burial expenses, pain and suffering before death, loss of consortium, loss of earnings, and punitive damages). Thus, following *Berry*, the court hereby dismisses without prejudice Lisa's parents and children.

## III. Dismissed Claims

### A. *First Cause of Action*

As to Plaintiffs' federal survival and wrongful death claims under the First Cause of Action, Defendants seek to dismiss only the § 1983 wrongful death claim, arguing that such a claim does not exist in the Tenth Circuit under *Berry*. There is only a § 1983 survival action. Plaintiffs disagree, arguing that *Berry* is no longer the law as it conflicts with § 1983's legislative intent, 42 U.S.C. § 1988, and prior U.S. Supreme Court analysis in *Robertson v. Wegmann*, 436 U.S. 584 (1978). Plaintiffs argue that *Berry* is limited to the application of Oklahoma law only.

This court finds *Berry* is not so limited and applies as the Tenth Circuit standard. First, the *Berry* court carefully considered—in a discussion spanning six pages—§ 1983's legislative history, 42 U.S.C § 1988, and *Robertson* in its opinion. It reasoned these could nevertheless be reconciled with the court's conclusion: The "federal remedy" for § 1983 cases is a "survival action, brought by the [decedent's] estate." *Berry*, 900 F.2d at 1501–07. Although Plaintiffs argue that *Robertson*'s prior decision intervenes over *Berry*'s later decision, this is only true if *Berry* did not consider *Robertson* at all. *See Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1183 (10th Cir. 2018). Not only did the *Berry* court consider *Robertson* thoroughly, it also considered other Supreme Court cases that informed its *Robertson* analysis and supported its ultimate conclusion. *See Berry*, 900 F.2d at 1503–06. And although Plaintiffs argue that *Berry* conflicts with § 1983's legislative intent and § 1988's rule about borrowing state law, the *Berry* court considered these too: § 1988 does not apply because the criteria for borrowing state law is not met, and § 1983's deterrent intent is better fulfilled by a uniform federal remedy than by hit-or-miss state laws. *See id.* at 1506.

Second, *Berry* has not been overturned. Indeed, courts across this circuit have affirmed its validity for nearly three decades.[3] Plaintiffs have not cited one case in the Tenth Circuit that challenges *Berry* nor supports Plaintiffs' narrow reading of it. They only cite sister circuits that have decided differently. Split as the circuits may be, "this court is obligated to follow the current law of this circuit as annunciated in *Berry*." *Sollars v. City of Albuquerque*, 794 F. Supp. 360, 362 (D.N.M. 1992). Plaintiffs' wrongful death claim under § 1983 is therefore dismissed without prejudice.[4]

B.  *Third Cause of Action*

Defendants seek to dismiss Plaintiffs' claim challenging Utah Code § 63G-7-601, an undertaking statute. Defendants argue the statute does not apply in this case. Plaintiffs concede the point. The undertaking statute claim is dismissed accordingly.

**IV.   Remaining Parties and Claims**

A.  *Plaintiffs & Defendants*

Lisa's father, as estate representative, remains as the sole Plaintiff; the named guards, nurses, and County remain as the Defendants. (These parties were not challenged in the Motion.)

B.  *First Cause of Action*

Plaintiffs' § 1983 survival claim remains as the only claim under the First Cause of Action. (The survival claim was not challenged in the Motion.)

---

[3] *See, e.g., Harold*, 680 Fed. App'x at 673; *Wilson v. City of Lafayette*, 510 Fed. App'x 775, 783–85 n.2 (10th Cir. 2013) (J. Briscoe, concurring in part); *Webster v. Gower*, No. 2:07-CV-888, 2010 WL 520522, at *4 (D. Utah Feb. 8, 2010); *Cobello v. Pelle ex rel. Boulder Cty. Bd. of Comm'rs*, No. 06-cv-02600, 2008 WL 926522, at *3 (D. Colo. Mar. 31, 2008); *Coleman v. Craig*, No. 88-1401-C, 1991 WL 42291, at *3 (D. Kan. Mar. 11, 1991), *aff'd*, 951 F.2d 1258 (10th Cir. 1991).

[4] However, this court notes that *Berry* does not foreclose wrongful death actions brought as "pendent state claims." *Berry*, 900 F.2d at 1507.

C.  *Second Cause of Action*

Defendants seek to dismiss Plaintiffs' Utah constitutional claims, arguing the claims for due process and unnecessary rigor are supplanted by Plaintiffs' § 1983 survival claim. Plaintiffs counter that their federal and state constitutional claims are not identical. Even if they were, the Utah Supreme Court has not yet addressed whether §1983 supplants state constitutional claims.

True, the Utah Supreme Court has expressly declined to answer whether federal remedies like § 1983 preclude a claim for damages under the Utah Constitution. *See Spackman ex rel. Spackman v. Bd. of Educ.,* 16 P.3d 533, 538 n.10 (Utah 2000)). However, despite the open question, this District has routinely interpreted *Spackman* to mean that if a plaintiff's § 1983 claim is viable, then there cannot also be a state constitutional claim. *See, e.g., Cavanaugh v. Woods Cross City,* 2009 WL 4981591 at *6 (D. Utah Dec. 14, 2009), *aff'd,* 625 F.3d 661 (10th Cir. 2010) (holding that plaintiffs who brought claims under the Utah Constitution "cannot state a claim for damages . . . because their injuries can be fully redressed through their 42 U.S.C. § 1983 claim"). The Tenth Circuit has not disagreed. *See id.; Redmond v. Crowther,* 2016 WL 3546292, at *7 (D. Utah June 23, 2016), *aff'd,* 882 F.3d 927 (10th Cir. 2018).

But this court does not yet know if Plaintiffs' nascent § 1983 claim is viable. Because the case is only at the motion-to-dismiss stage, paring the Utah constitutional claims at this stage would be premature. The court therefore declines to dismiss Plaintiffs' asserted Utah constitutional claims.

D.  *Third Cause of Action*

Lastly, Defendants' Motion seeks to dismiss Plaintiffs' claim challenging Utah Code § 78B-3-104, a bond statute. However, several days before oral argument on the Motion, the parties jointly moved the court to delay adjudicating this claim until summary judgment (ECF

No. 115). The court granted the delay (ECF No. 128); therefore, it makes no ruling on the bond statute claim at this time.

## **CONCLUSION**

For the reasons above, the court orders that Defendants' Partial Motion to Dismiss is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 26 day of April, 2019.

BY THE COURT

HONORABLE BRUCE S. JENKINS
United States District Court Judge