IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CALVIN DONALD OSTLER, as personal representative of the Estate of Lisa Marie Ostler,<br><br>Plaintiff,<br><br>v.<br><br>HOLLY PATRICE HARRIS, ZACHARY PAUL FREDERICKSON, TODD ALLAN BOOTH, TODD RANDALL WILCOX, M.D., RONALD PAUL SEEWER, JR., BRENT LEE TUCKER, and SALT LAKE COUNTY, a political subdivision of the State of Utah,<br><br>Defendants. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S SHORT FORM DISCOVERY MOTION TO ORDER PRODUCTION OF RELEVANT MENTAL HEALTH AND THERAPY RECORDS**<br><br>Case No. 2:18-cv-00254<br><br>Judge: Bruce S. Jenkins |

Before the court is Defendants' (Holly Harris, Zachary Frederickson, Todd Booth, Todd Wilcox, Ronald Seewer, Jr., Brent Tucker, and Salt Lake County) (collectively, "Defendants") Short Form Discovery Motion to Order Production of Relevant Mental Health and Therapy Records from the decedent Lisa Ostler ("Ms. Ostler"). ECF No. 143. The Estate of Ms. Ostler ("Plaintiff") filed an objection. ECF No. 149. After the Motion was fully briefed and oral argument was heard on May 6, 2019, with Ross Anderson and Walter Mason appearing for Plaintiff and Jacque Ramos and Bridget Romano appearing for Defendants, the court ordered Lisa Ostler's mental health and psychotherapy records to be sent directly to the court for *in camera* review. Accordingly, the court is now in receipt of Ms. Ostler's mental health records

1

dating from 2007 to 2016. After reviewing Ms. Ostler's mental health records and considering the written and oral arguments as well as the relevant law, the court hereby DENIES the Motion.

## BACKGROUND

Defendants are seeking the mental health records of the patient, Ms. Ostler. Defendants argue that Ms. Ostler's mental health records should be produced in discovery because they are relevant and because Plaintiff put Ms. Ostler's mental state directly in issue thereby waiving her psychotherapist-patient privilege in the records. ECF No. 143 at 2–3. In response, Plaintiff asserts that Ms. Ostler's records are privileged. ECF No. 149 at 2. Plaintiff further argues that Plaintiff did not waive the privilege by alleging that Ms. Ostler experienced mental suffering as a result of Defendants' neglect. *Id.* On May 24, 2019, the court ordered that Ms. Ostler's mental health records be provided to the court for an *in camera* review. ECF No. 159.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). Rule 26 permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Id.*

I. Privilege

"[C]onfidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). In *Jaffee*, the Supreme Court explicitly stated that the psychotherapist-patient privilege could be waived but declined to define the contours of the waiver, instead leaving it to lower courts to craft a rule of waiver. *Awalt v. Marketti*, 287 F.R.D. 409, 416 (N.D. Ill. 2012) (citing *Jaffee*, 518 U.S. at 15 n. 14).

2

However, the Supreme Court in *Jaffee* explicitly rejected the balancing test used in lower courts that balanced the patient's privacy interests with the evidentiary need for disclosure. *Jaffee*, 518 U.S. at 16. The Court further emphasized, "Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." *Id.*

For a psychotherapist-patient privilege to exist, the patient must have an expectation that the communications with the psychotherapist will remain private and not be disclosed to others. *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1020 (N.D. Ill. 2000). In recognizing the privilege between psychotherapists and patients, the Supreme Court noted, "Like the spousal and attorney-client privileges, the psychotherapist-patient privilege is 'rooted in the imperative need for confidence and trust.'" *Jaffee*, 518 U.S. at 10 (quoting *Trammel v. United States*, 445 U.S. 40, 51, (1980)).

Defendants argue that Plaintiff cannot maintain an expectation of privacy in the records. ECF No. 143 at 2–3. To support this proposition, Defendants cite to *Estate of Turnbow v. Ogden City*, in which certain mental health records of police officers were deemed admissible because the officers did not have an expectation of privacy in their records. *Estate of Turnbow v. Ogden City*, 254 F.R.D. 434, 437–438 (D. Utah 2008). For two of the police officers in *Turnbow*, the court found that because some of the counseling sessions were prepared as part of pre-employment evaluations and it was clear to the officers that the records would be disclosed to their employers, the officers did not have an expectation of privacy in those records. *Id.* For another officer, the court found that because a letter prepared as part of a PTSD interview was disclosed to a third party, the letter was not privileged. *Id.* Conversely, other counseling sessions

3

not mandated by the police department or disclosed to third parties were privileged and were not discoverable, despite the potential relevance of the records to the case. *Id.*

The court finds Ms. Ostler had an expectation of privacy in her therapy sessions. Ms. Ostler did not seek out the counseling sessions at the direction of an employer. There is no indication from the record that Ms. Ostler had any expectation other than that the counseling sessions would remain confidential. Thus, Ms. Ostler had a privilege in her records.

II. Waiver

Defendants argue that the privilege in Ms. Ostler's records was waived. ECF No. 143 at 3. Lower courts have found two kinds of waiver: express and implied. *See Koch v. Cox*, 489 F.3d 384, 388–92 (D.C. Cir. 2007).

A. Express Waiver

Courts have found express waiver may be effectuated upon written consent. *Tavares v. Lawrence & Mem'l Hosp.*, No. 3:11-CV-770 CSH, 2012 WL 4321961, at *4 (D. Conn. Sept. 20, 2012). Defendants do not argue that Ms. Ostler expressly waived the privilege in her records. *See* ECF No. 143. However, the court notes that Ms. Ostler did not sign a waiver in any of her records. Thus, Ms. Ostler did not expressly waive her privilege.

B. Implied Waiver

Defendants also argue that because Plaintiff has put Ms. Ostler's mental state in issue, the Plaintiff has waived Ms. Ostler's privilege in her mental health records. ECF No. 143 at 3. When a plaintiff seeks damages for emotional distress or alleges a specific mental or psychiatric injury

or disorder as a result of defendant's wrongful conduct, the patient's mental state may be put in issue.[1]

Federal Courts have adopted three different approaches to ascertaining whether the privilege has been waived: broad, middle, and narrow. *Koch v. Cox*, 489 F.3d 384, 390 (D.C. Cir. 2007). Under the broad approach, a plaintiff waives privilege simply by making a claim for emotional distress damages. *Awalt*, 287 F.R.D. at 417. Under the narrow approach, the plaintiff must offer expert testimony about their emotional distress or put the substance of the communications with the psychotherapist directly in issue to waive the privilege. *Id.* Under the middle ground approach, claims for "garden variety" emotional distress damages, or in other words emotional distress damages claims that are "limited to those that naturally flow from the defendants' alleged misconduct" do not put the patient's mental state in issue and do not waive the privilege. *Awalt*, 287 F.R.D. at 418. In other words, a garden variety emotional distress claim is "no more than an attempt to recover for the generalized insult, hurt feelings and lingering

---

[1] *See Fisher v. Sw. Bell Tel. Co.*, 361 F. App'x 974, 978 (10th Cir. 2010) (*aff'g* No. 07-CV-433, 2008 WL 11383476, at *3 (N.D. Okla. Oct. 29, 2008), affirming the lower court's ruling that plaintiff's claim for damages for mental anguish, pain and suffering, extreme emotional distress and resulting psychological impairment placed plaintiff's mental state in issue such that her mental health records were discoverable). The court recognizes that some courts in other districts are citing to *Fisher* to support the proposition that a plaintiff waives privilege merely by making a claim for emotional distress damages. However, upon further review, the court notes that the 10th Circuit in *Fisher* agreed with the lower court's ruling, in which the plaintiff made claims for extreme emotional distress (*e.g.* depression, anger, hopelessness, isolation, loss of self-esteem, sleeplessness, anxiety, mistrust, etc.) and resulting psychological conditions that lingered long after the defendant's alleged wrongful conduct. Plaintiff's claims in the lower court were sufficient to find waiver. That case is readily distinguished from the case at hand, in which the plaintiff merely asserts emotional and mental pain at the time that Ms. Ostler died.

5

resentment which anyone could be expected to feel if he or she were the recipient of [the harm]." *Thiessen v. Gen. Elec. Capital Corp.*, 178 F.R.D. 568, 569 (D. Kan. 1998).

The middle ground approach is the majority approach. *Awalt*, 287 F.R.D. at 417. The Tenth Circuit does not appear to have spoken on this issue after *Jaffee*, and lower courts in the circuit have adopted varying approaches.[2]

The court finds that Plaintiff has not put Ms. Ostler's psychological state at issue by making a claim for emotional distress damages. Emotional distress is often used as an umbrella term to generally describe a plaintiff's specific allegations of harm. As such, the court must inquire into the specific facts of a claim for emotional distress damages to determine whether the plaintiff has put the patient's psychological state at issue.[3] *Awalt*, 287 F.R.D. at 417.

---

[2] *See, e.g., Castillo v. Villa*, No. CV 15-344, 2016 WL 10592207, at *8 (D.N.M. Jan. 22, 2016) (finding plaintiff waived the psychotherapist-patient privilege "by alleging considerably more than garden variety emotional distress."); *Kear v. Kohl's Dep't Stores, Inc.*, No. 12-CV-1235, 2013 WL 3088922, at *3 (D. Kan. June 18, 2013) (finding that garden variety emotional distress damages can exempt a plaintiff from disclosing information protected under psychotherapist-patient privilege); *Carbajal v. Warner*, No. 10-CV-02862, 2013 WL 1129429, at *5 (D. Colo. Mar. 18, 2013) (finding that a plaintiff waives the psychotherapist-patient privilege by placing his mental health at issue); *Simpson v. University of Colorado*, 220 F.R.D. 354, 364, (D. Colo. 2004) (finding that "by asserting a specific psychological condition and offering expert testimony of her treating therapist" the patient waived the privilege); *Fox v. Gates Corp.*, 179 F.R.D. 303, at 305 (D. Colo. 1998) (finding that a patient's emotional distress claims in conjunction with her ADA claims waived privilege).

[3] "Emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder, or may be unusual, such as to disable one from working." *Smith v. City of Albuquerque*, No. CV 01-416,

Here, Plaintiff asserts mere garden-variety claims of emotional distress. Plaintiff states twice in the Second Amended Complaint, "As a direct and proximate result of the wrongful conduct and deliberate indifference of the Defendants . . . [Ms. Ostler] consciously suffered severe and excruciating physical, emotional, and mental pain prior to her death." ECF No. 183, at 70, 74. Plaintiff alleges that Ms. Ostler suffered this pain in the days leading up to and imminently preceding her death while she was held in the Salt Lake County Metro Jail. *Id.* Plaintiff makes no claim for intentional infliction of emotional distress or of complex emotional harm. *See id.* Rather, Plaintiff claims that Ms. Ostler suffered the ordinary type of mental and emotional pain that naturally stemmed from alleged neglect while suffering from a life-threatening physical condition. *Id.*; ECF 149 at 3. Plaintiff does not claim that Ms. Ostler suffered extreme or heightened pain as a result of her mental condition. *See id.* Nor does Plaintiff claim that Ms. Ostler developed a psychiatric condition or disorder as a result of the alleged neglect. *See id.*

Thus, the court finds Plaintiff did not put Ms. Ostler's mental state in issue in this case by claiming Ms. Ostler suffered emotional and mental pain in the days leading up to her death. Nor did Ms. Ostler expressly waive her privilege or otherwise fail to have an expectation of privacy in her mental health records. As such, Ms. Ostler's records are protected by the psychotherapist-patient privilege and are not subject to discovery by Defendants.

---

2002 WL 35649946, at *5 (D.N.M. Apr. 16, 2002) (citing *Ruhlmann v. Ulster County Department of Social Services*, 194 F.R.D. 445, 449 n. 6 (N.D.N.Y. 2000).

7

III.  Relevance

Ms. Ostler's mental health records are privileged, and as such they are not subject to discovery even if they are relevant to the case. However, the court notes that Ms. Ostler's records are not relevant to the present matter. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the subject matter of the action." *Snowden By & Through Victor v. Connaught Labs., Inc.*, 137 F.R.D. 325, 329 (D. Kan. 1991). For mental health records, communications subject to discovery should be "brief, recent, and directly related to issues necessarily injected into this lawsuit by the plaintiff." *Dixon v. City of Lawton, Okl.*, 898 F.2d 1443, 1451 (10th Cir. 1990) (emphasizing, prior to *Jaffee*, the importance of limited compelled disclosure and finding that access to the patient's records from a one-day stay at a mental health facility one month prior to the incident was not overly broad).

Plaintiff alleged Ms. Ostler suffered from emotional and mental pain prior to her death. ECF No. 183 at p. 70, 74. The court finds the relevant time period in assessing Ms. Ostler's emotional and mental pain is the time while she was held in the Salt Lake County Metro Jail, from March 29, 2016 to April 2, 2016. Defendants request ten years of Ms. Ostler's mental health records, dating from 2007 to 2016. These records are not brief, recent, or directly related to issues injected into the lawsuit by the Plaintiff. While there are records from 2016, none of Ms. Ostler's records are directly related to the mental or emotional pain Ms. Ostler allegedly suffered while in jail. Accordingly, Ms. Ostler's mental health records are not relevant to the issues in this case.

# ORDER

Defendants' Motion is DENIED.

**IT IS SO ORDERED.**

DATED this 17th day of December, 2019.

Hon. Bruce S. Jenkins
United States District Court, District of Utah